# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| **Freedom Mortgage Corporation** <br><br> **Plaintiff** <br><br> vs. <br><br> **Jonathan K. Hamilton** <br><br> **Defendant** | **COMPLAINT** <br><br> RE: <br> **248 High Street, Sanford, ME 04073** <br><br> Mortgage: <br> December 5, 2017 <br> Book 17624, Page 276 |

NOW COMES the Plaintiff, Freedom Mortgage Corporation, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Jonathan K. Hamilton, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Freedom Mortgage Corporation, in which the Defendant, Jonathan K. Hamilton, is the obligor and

the total amount owed under the terms of the Note is Two Hundred Thirteen Thousand Five Hundred Thirty-Five and 79/100 ($213,535.79) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Freedom Mortgage Corporation is a corporation with its principal place of business located at 10500 Kincaid Drive, Fishers, IN 46037.

5. The Defendant, Jonathan K. Hamilton, is a resident of Sanford, County of York and State of Maine.

## FACTS

6. On January 19, 2017, by virtue of a Warranty Deed from Ruth Ann Q. Dirsa a/k/a Ruth Anne Q. Dirsa, which is recorded in the York County Registry of Deeds in **Book 17409, Page 395**, the property situated at 248 High Street, County of York, and State of Maine, was conveyed to the Defendant, Jonathan K. Hamilton, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On December 5, 2017, the Defendant, Jonathan K. Hamilton, executed and delivered to Freedom Mortgage Corporation a certain Note in the amount of $206,200.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on December 5, 2017, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Freedom Mortgage Corporation, securing the property located at 248 High Street, Sanford, ME 04073 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 17624**, **Page 276**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Freedom Mortgage Corporation by virtue of an Assignment of Mortgage dated October 22, 2018 and recorded in the York County Registry of Deeds in **Book 17840**, **Page 447**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. On August 14, 2018, the Defendant, Jonathan K. Hamilton, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

11. The Demand Letter informed the Defendant, Jonathan K. Hamilton, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit E.

12. The Defendant, Jonathan K. Hamilton, failed to cure the default prior to the expiration of the Demand Letter.

13. The Plaintiff, Freedom Mortgage Corporation, is the present holder of the Note pursuant to endorsement by the previous holder, payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

14. The Plaintiff, Freedom Mortgage Corporation, is the lawful holder and owner of the Note and Mortgage.

15. The total debt owed under the Note and Mortgage as of January 20, 2019 is Two Hundred Thirteen Thousand Five Hundred Thirty-Five and 79/100 ($213,535.79) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $204,790.75 |
| Interest | $5,519.52 |
| Late Fees | $305.52 |
| Escrow Advance | $1,800.00 |
| Additional Items Due | $1,120.00 |
| Grand Total | $213,535.79 |

16. Upon information and belief, the Defendant, Jonathan K. Hamilton, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

17. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 16 as if fully set forth herein.

18. This is an action for foreclosure respecting a real estate related Mortgage and title located at 248 High Street, Sanford, County of York, and State of Maine. *See* Exhibit A.

19. The Plaintiff, Freedom Mortgage Corporation, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Freedom Mortgage Corporation, has the right to foreclosure upon the subject property.

20. The Plaintiff, Freedom Mortgage Corporation, is the current owner and investor of the aforesaid Mortgage and Note.

21. The Defendant, Jonathan K. Hamilton, is presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2018, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

22. The total debt owed under the Note and Mortgage as of January 20, 2019 is Two Hundred Thirteen Thousand Five Hundred Thirty-Five and 79/100 ($213,535.79) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $204,790.75 |
| Interest | $5,519.52 |
| Late Fees | $305.52 |
| Escrow Advance | $1,800.00 |
| Additional Items Due | $1,120.00 |
| Grand Total | $213,535.79 |

23. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

24. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

25. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Jonathan K. Hamilton, on August 14, 2018, evidenced by the proof of mailing. *See* Exhibit E.

26. The Defendant, Jonathan K. Hamilton, is not in the Military as evidenced by the attached Exhibit F.

## COUNT II – BREACH OF NOTE

27. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. On December 5, 2017, the Defendant, Jonathan K. Hamilton, executed and delivered to Freedom Mortgage Corporation a certain Note in the amount of $206,200.00. *See* Exhibit B.

29. The Defendant, Jonathan K. Hamilton, is in default for failure to properly tender the June 1, 2018 payment and all subsequent payments. *See* Exhibit E.

30. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Jonathan K. Hamilton.

31. The Defendant, Jonathan K. Hamilton, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

32. The Defendant Jonathan K. Hamilton's breach is knowing, willful, and continuing.

33. The Defendant Jonathan K. Hamilton's breach has caused Plaintiff Freedom Mortgage Corporation to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

34. The total debt owed under the Note and Mortgage as of January 20, 2019, if no payments are made, is Two Hundred Thirteen Thousand Five Hundred Thirty-Five and 79/100 ($213,535.79) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $204,790.75 |
| Interest | $5,519.52 |
| Late Fees | $305.52 |
| Escrow Advance | $1,800.00 |
| Additional Items Due | $1,120.00 |
| Grand Total | $213,535.79 |

35. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

36. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. By executing, under seal, and delivering the Note, the Defendant, Jonathan K. Hamilton, entered into a written contract with Freedom Mortgage Corporation who agreed to loan the amount of $206,200.00 to the Defendant and said Defendant had the benefit of a payment to LoanCare Refinance in the amount of $198,881.50. *See* Exhibit B and Exhibit G (a true and correct copy of the Refinance Closing Disclosure is attached hereto and incorporated herein).

38. As part of this contract and transaction, the Defendant, Jonathan K. Hamilton, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

39. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note and successor-in-interest to Freedom Mortgage Corporation, and has performed its obligations under the Note and Mortgage.

40. The Defendant, Jonathan K. Hamilton, breached the terms of the Note and Mortgage by failing to properly tender the June 1, 2018 payment and all subsequent payments. *See* Exhibit E.

41. The Plaintiff, Freedom Mortgage Corporation, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Jonathan K. Hamilton.

42. The Defendant, Jonathan K. Hamilton, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

43. The Defendant, Jonathan K. Hamilton, is indebted to Freedom Mortgage Corporation in the sum of Two Hundred Thirteen Thousand Five Hundred Thirty-Five and 79/100 ($213,535.79) Dollars, for money lent by the Plaintiff, Freedom Mortgage Corporation, to the Defendant.

44. Defendant Jonathan K. Hamilton's breach is knowing, willful, and continuing.

45. Defendant Jonathan K. Hamilton's breach has caused Plaintiff, Freedom Mortgage Corporation, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Note and Mortgage as of January 20, 2019, if no payments are made, is Two Hundred Thirteen Thousand Five Hundred Thirty-Five and 79/100 ($213,535.79) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $204,790.75 |
| Interest | $5,519.52 |
| Late Fees | $305.52 |
| Escrow Advance | $1,800.00 |
| Additional Items Due | $1,120.00 |
| Grand Total | $213,535.79 |

47. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

48. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. Freedom Mortgage Corporation loaned Defendant, Jonathan K. Hamilton, $206,200.00. *See* Exhibit B.

50. The Defendant, Jonathan K. Hamilton, is in default for failure to properly tender the June 1, 2018 payment and all subsequent payments. *See* Exhibit E.

51. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Jonathan K. Hamilton, should be required to compensate the Plaintiff, Freedom Mortgage Corporation.

52. As such, the Plaintiff, Freedom Mortgage Corporation, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

53. The Plaintiff, Freedom Mortgage Corporation, repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. Freedom Mortgage Corporation loaned the Defendant, Jonathan K. Hamilton, $206,200.00. *See* Exhibit B.

55. The Defendant, Jonathan K. Hamilton, has failed to repay the loan obligation.

56. As a result, the Defendant, Jonathan K. Hamilton, has been unjustly enriched to the detriment of the Plaintiff, Freedom Mortgage Corporation as successor-in-interest to Freedom Mortgage Corporation by having received the aforesaid benefits and money and not repaying said benefits and money and the benefit of a payment to LoanCare Refinance in the amount of $198,881.50. *See* Exhibit G.

57. As such, the Plaintiff, Freedom Mortgage Corporation, is entitled to relief.

# PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Freedom Mortgage Corporation, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Freedom Mortgage Corporation, upon the expiration of the period of redemption;

c) Find that the Defendant, Jonathan K. Hamilton, is in breach of the Note by failing to make payment due as of June 1, 2018, and all subsequent payments;

d) Find that the Defendant, Jonathan K. Hamilton, is in breach of the Mortgage by failing to make payment due as of June 1, 2018, and all subsequent payments;

e) Find that the Defendant, Jonathan K. Hamilton, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Jonathan K. Hamilton, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, Freedom Mortgage Corporation, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Jonathan K. Hamilton, has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Freedom Mortgage Corporation, to restitution;

j) Find that the Defendant, Jonathan K. Hamilton, is liable to the Plaintiff, Freedom Mortgage Corporation, for money had and received;

k) Find that the Defendant, Jonathan K. Hamilton, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Jonathan K. Hamilton, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Jonathan K. Hamilton, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Freedom Mortgage Corporation, is entitled to restitution for this benefit from the Defendant, Jonathan K. Hamilton;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Jonathan K. Hamilton, and in favor of the Plaintiff, Freedom Mortgage Corporation, in the amount of Two Hundred Thirteen Thousand Five Hundred Thirty-Five and 79/100 ($213,535.79 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Freedom Mortgage Corporation,
By its attorneys,

Dated: February 27, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670